**REINSTATE AND DISMISS and Opinion Filed December 3, 2021**



In The
Court of Appeals
Fifth District of Texas at Dallas

_____

No. 05-21-00864-CV
_____

**IN RE TRACY NIXON, Relator**

**Original Proceeding from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 00-14691T**

**MEMORANDUM OPINION**
Before Justices Osborne, Reichek, and Smith

This original proceeding is reinstated. Before the Court is relator's October 5, 2021 action for writ of mandamus.

Relator has been declared a vexatious litigant, prohibited from filing any new litigation in a court of this State *pro se* without first obtaining permission from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.102(a), 11.103(a). A petition for writ of mandamus is a civil action to which the vexatious litigant statute applies. *Cooper v. McNulty*, No. 05-15-00801-CV, 2016 WL 6093999, at *3 (Tex. App.—Dallas Oct. 19, 2016, no pet.) (mem. op.) (*citing*

*Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 700 (Tex. App.—El Paso 2011, no pet.) (concluding under statutory definitions, "a person who seeks mandamus relief commences a civil action in the appellate court")); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(2) (defining "litigation" as "a civil action commenced, maintained, or pending in any state or federal court."); *id*. § 11.103(a) (the clerk of a court "may not file a litigation, original proceeding, appeal, or other claim presented, *pro se*, by a vexatious litigant subject to a prefiling order" unless the litigant first obtains permission).

Relator filed this original proceeding *pro se* without first obtaining the required permission. By order dated October 20, 2021, we abated the mandamus proceedings to provide relator an opportunity to seek and obtain permission from the Local Administrative District Judge to file his *pro se* petition for writ of mandamus. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.102 (a). We cautioned him that failure to provide the written verification of permission to file may result in dismissal of this original proceeding without further notice.

Relator's November 1, 2021 notice of appeal in this court, assigned cause number 05-21-00950-CV, reflects that after his mandamus proceeding was abated, he has not sought permission from the Local Administrative District Judge to file his *pro se* petition for writ of mandamus.

Because relator has not demonstrated that he has sought and obtained a written order permitting him to file his *pro se* petition for writ of mandamus, we dismiss the proceeding for lack of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(b) (the court "shall dismiss the litigation unless the [vexatious litigant subject to a prefiling order] ... obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing of the litigation"); *see also In re Johnson*, No. 03-13-00531-CV, 2013 WL 4822489, at *1 (Tex. App.—Austin Aug. 30, 2013, orig. proceeding) (mem. op.) (dismissing petition for writ of mandamus where no showing was made that relator had obtained permission from local administrative judge to file the petition).

/Craig Smith/
CRAIG SMITH
JUSTICE

210864F.P05